UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| VONEA HUGER; and ROSHANDA GERALD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; DIRECTOR BRYAN P. STIRLING; WARDEN TIM RILEY; ASSOCIATE WARDEN ANDREA THOMPSON; ASSOCIATE WARDEN GARY LANE; and JOHN DOES 1-10,<br><br>    Defendants. | C/A: 3:20-cv-02871-MGL<br><br>**COMPLAINT** |

Plaintiffs, Vonea Huger ("Huger") and Roshanda Gerald ("Gerald"), on behalf of themselves and all others similarly situated ("Plaintiffs"), complaining of the acts of Defendants South Carolina Department of Corrections ("SCDC"); Director Bryan P. Stirling ("Stirling"), individually; Warden Tim Riley ("Riley"), individually; Associate Warden Andrea Thompson ("Thompson"), individually; Associate Warden Gary Lane ("Lane"), individually; and John Does 1-10, individually, (all collectively "Defendants") allege as follows:

**NATURE OF CLAIM**

1. This action is brought individually and as a Class Action for damages under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

Complaint
Huger and Gerald v. South Carolina Department of Corrections

## PARTIES, JURISDICTION, and VENUE

2. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

3. Huger is a citizen and resident of Lexington County, South Carolina.

4. Gerald is a citizen and resident of Lexington County, South Carolina.

5. SCDC is an agency of the State of South Carolina with correctional facilities located around the state and in this division.

6. On information and belief, Stirling is a citizen and resident of Richland County, South Carolina.

7. On information and belief, Riley is a citizen and resident of Richland County, South Carolina.

8. On information and belief, Thompson is a citizen and resident of Richland County, South Carolina.

9. On information and belief, Lane is a citizen and resident of Richland County, South Carolina.

10. On information and belief, John Does 1-10 are citizens and residents of Richland County, South Carolina.

11. The individual defendants are all sued in their individual and official capacities.

12. On August 10, 2017, Huger was employed by SCDC as a Corrections Officer assigned to Kirkland Correctional Institute ("KCI") located on Broad River Road near Columbia, South Carolina. The events giving rise to these claims occurred at KCI.

13. On August 10, 2017, Gerald was employed by SCDC as a Corrections Officer holding the rank of Lieutenant assigned to Kirkland Correctional Institute ("KCI") located on

Complaint
Huger and Gerald v. South Carolina Department of Corrections

Broad River Road near Columbia, South Carolina. The events giving rise to these claims occurred at KCI.

14. On August 10, 2017, Stirling was Director of SCDC.

15. On August 10, 2017, Riley was Warden of KCI.

16. On August 10, 2017, Thompson was an Associate Warden of KCI.

17. On August 10, 2017, Lane was an Associate Warden of KCI.

18. On August 10, 2017, John Does 1 – 10 were individuals employed with SCDC in the positions of Inspector General; the head of the Division of Operations; and the Agency On-Call person for SCDC.

19. At all relevant times herein, on or about August 10, 2017, Defendants were each acting under color of law, of a statute, ordinance, regulation, custom, or usage.

20. On or about August 10, 2017, Huger, Gerald, and Plaintiffs, while attempting to report to work and inside KCI, were subjected to a demeaning and degrading strip search, against their wills and without their consents, by Defendants without any reasonable and individualized suspicion that Huger, Gerald, and Plaintiffs were hiding contraband on their person.

21. The Court has jurisdiction over this action under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution as Plaintiffs bring this action to redress deprivation of their rights secured to them by the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

22. Plaintiffs bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: female employees of SCDC and female employees of contractors of SCDC, all assigned to KCI, who were strip searched on August 10, 2017, without their voluntary, signed consent.

Complaint
Huger and Gerald v. South Carolina Department of Corrections

23. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c. The claims of Huger and Gerald are typical of the claims of the proposed Plaintiff class; and

    d. Huger and Gerald will fairly and adequately protect the interests of the class.

24. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and SCDC is headquartered in this Division.

26. Based upon the above, jurisdiction and venue are proper in this court and division.

## FACTS

27. On or about August 10, 2017, Huger and Gerald were employees of SCDC serving as Corrections Officers at KCI.

28. On or about August 10, 2017, Plaintiffs were either female employees of

Complaint
Huger and Gerald v. South Carolina Department of Corrections

SCDC at KCI or female employees of contractors of SCDC working at KCI.

29. On or about the morning of August 10, 2017, one or more of the Defendants ordered that all female SCDC employees and all female employees of SCDC contractors, entering KCI, be subjected to a strip search.

30. Defendants did not have any reasonable and individualized suspicion that any particular employee or employee of contractor, including Huger, Gerald, and Plaintiffs, were carrying on or about their person any contraband into KCI.

31. Defendants had actual knowledge that to conduct a legal strip-search of any civilian, non-inmate person at KCI, that they needed to have a reasonable and individualized suspicion of contraband being brought into KCI for each person who was going to be searched.

32. On or about August 10, 2017, Huger, Gerald, and Plaintiffs reported to work at KCI and all entered KCI through the front gate security without any incident.

33. On that day, instead of being allowed to go directly to their work station, Defendants ordered Huger, Gerald, and Plaintiffs to enter an area of KCI to be subjected to a second security search. On information and belief, this second security area used a MSD Detector.

34. Defendants then directed Huger, Gerald, and Plaintiffs to a separate area and ordered them to submit to a strip search, which meant they removed all of their clothing, including their bra and panties.

35. Defendants threatened or implied Huger, Gerald, and Plaintiffs with disciplinary action if they did not submit to the strip search.

36. At no time prior to ordering the strip search did Defendants have reasonable and individualized suspicion that Huger, Gerald, or Plaintiffs had any contraband on their person.

37. When Huger, Gerald, and Plaintiffs questioned the appropriateness of the

Complaint
Huger and Gerald v. South Carolina Department of Corrections

search, Defendants either said or inferred that they had to take all clothing off or be subject to discipline.

38. Fearing that they would be fired or otherwise lose their employment if they did not submit, Huger, Gerald, and Plaintiffs removed all their clothing including their bra and panties. No contraband was found on Huger or Gerald. On information and belief, no contraband was found on any of Plaintiffs.

39. At all times relevant herein, Defendants knew or should have known that the strip searches were taking place.

40. At all times relevant herein, Defendants had the legal duty to prevent any illegal strip search from taking place within KCI.

41. On July 1, 2008, SCDC issued Policy OP-22.20 entitled Searches of Employees, Volunteers, Visitors, and Vendors. Section 2.2 Consensual Strip Search reads:

Consensual Strip Search: A consensual strip search may only be done with approval of the Warden, Associate Warden, Inspector General, Decision of Operations/Designee, or Agency On-Call person, if they have been told there is reason to believe that unauthorized items/contraband may be concealed in such a way that a frisk search will not allow them to discover the unauthorized item/contraband. If the Warden, Associate Warden, Inspector General, Division of Operations/Designee, or Agency On-Call person, is not on site, s/he will be contacted. The situation will be explained, and s/he will verbally approve the strip search. Strip searches will only be done by a same sex employee and in accordance with SCDC training. Individuals must consent to strip searched in writing utilizing the appropriate SCDC Form 19-95, "Consent/Refusal to be Searched." If the individual refuses to submit to the search, s/he will be denied access to the institution and will be required to

Complaint
Huger and Gerald v. South Carolina Department of Corrections

vacate SCDC property. Agency employees who refuse to submit to a search will be subject to corrective action pursuant to SCDC Policy ADM-11.04, "Employee Corrective Action." (See Paragraph 8. Of this policy/procedure for reporting requirements.)

42. Defendants failed to comply with their own Policy OP-22.20.

43. Defendants failed to obtain written consents, using SCDC Form 19-95, for these illegal strip searches from Huger, Gerald and Plaintiffs.

44. At all times relevant herein, Defendants ordered their agents to conduct the strip search.

45. At all times relevant herein, Defendants directed the strip searches with full knowledge that they were being conducted without reasonable and individualized suspicion of any contraband being brought into the facility by Huger, Gerald, and Plaintiffs.

46. At all times relevant herein, Defendants directed the strip searches with full knowledge that they were being conducted without obtaining the proper written consent from Huger, Gerald, and Plaintiffs.

47. At all relevant times herein, Defendants, and each of them, knew that strip searches were to be conducted only with reasonable and individualized suspicion that Huger, Gerald, and Plaintiffs were hiding contraband on their person.

48. As a direct result of the above acts, Huger, Gerald, and Plaintiffs suffered, and have continued to suffer, great humiliation and emotional distress, a feeling of being invaded, loss of sleep, nightmares, and other emotional harm.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1983**
**(AGAINST ALL DEFENDANTS)**

49. Huger, Gerald, and Plaintiffs incorporate by reference the above paragraphs

Complaint
Huger and Gerald v. South Carolina Department of Corrections

as if fully set forth herein.

50. Huger, Gerald, and Plaintiffs, as citizens of the United States, had the constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

51. At all relevant times herein, Defendants, and each of them, knew that strip searches of Huger, Gerald, and Plaintiffs were to be conducted only with reasonable and individualized suspicion of contraband on the person to be searched; otherwise, this type of strip search would be a violation of the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

52. At all relevant times herein, Defendants, and each of them, knew that strip searches of Huger, Gerald, and Plaintiffs, without reasonable and individualized suspicion of contraband on the person to be searched, was a constitutional right clearly established that a reasonable official would understand that this strip search would be a violation of a constitutional right.

53. By requiring Huger, Gerald, and Plaintiffs to undergo a strip search without reasonable and individualized suspicion of illegal activity, Defendants violated Huger, Gerald, and Plaintiffs' Fourth Amendment right to be free from unreasonable searches.

54. At all relevant times herein, Defendants acted under the color of state law and under the color and badge of their authority.

55. Defendants' acts were the proximate cause of actual damages Huger, Gerald, and Plaintiffs have suffered.

Complaint
Huger and Gerald v. South Carolina Department of Corrections

56. The intentional, reckless, and malicious acts of Defendants violated Huger, Gerald, and Plaintiffs' rights as guaranteed by the Fourth Amendment to the United States Constitution, for which Defendants are individually and personally liable.

57. The wrongful acts committed were without justification, malicious, and reckless and done with full knowledge that such a strip search was beyond debate of violating the Fourth Amendment rights of Huger, Gerald, and Plaintiffs.

58. Huger, Gerald, and Plaintiffs have suffered both actual and punitive damages and incurred attorney fees and costs in an amount to be determined by a jury.

WHEREFORE, having fully set forth their allegations against Defendants, Huger, Gerald, and Plaintiffs respectfully request that the Court enter judgment for the following relief:

a. Injunctive relief prohibiting Defendants from ordering a strip search of employees of SCDC or employees of contractors of SCDC without having an individualized suspicion of illegal activity or of contraband being brought into or taken out of the correctional facility for each person who is going to be searched;

b. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of 42 U.S.C. § 1983 and the 4th Amendment of the United States Constitution;

c. actual damages in an amount to be determined;

d. punitive damages in an amount to be determined;

d. Reasonable attorney's fees and costs; and

e. Such further relief as the Court deems just and proper.

*(Signature page to follow)*

Complaint
Huger and Gerald v. South Carolina Department of Corrections

                                      s/Bruce E. Miller
                                      Bruce E. Miller, Esq. (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR VONEA HUGER & ROSHANDA GERALD,** on behalf of themselves and all others similarly situated

CHARLESTON, SC
August 6, 2020