

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| VONEA HUGER and ROSHANDA GERALD, *on behalf of themselves and all others similarly situated*, §§§§§ Plaintiff, § § vs. § Civil Action No. 3:20-02871-MGL § SOUTH CAROLINA DEPARTMENT OF § CORRECTIONS, DIRECTOR BRYAN P. § STIRLING, WARDEN TIM RILEY, § ASSOCIATE WARDEN ANDREA § THOMPSON, ASSOCIATE WARDEN GARY § LANE, and JOHN DOES 1–10, § Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiffs Vonea Huger (Huger) and Roshanda Gerald (Gerald) (collectively, Plaintiffs) bring this action against Director Bryan P. Stirling (Stirling), Warden Tim Riley (Riley), Associate Warden Andrea Thompson (Thompson), and Associate Warden Gary Lane (Lane) (collectively, Individual Defendants) in both their personal and official capacities, as well as the South Carolina Department of Corrections (SCDC).  Plaintiffs bring a cause of action under 42 U.S.C. § 1983, alleging that SCDC and Individual Defendants violated Plaintiffs' Fourth Amendment rights during a strip search at Kirkland Correctional Institution (KCI), Plaintiffs' place of work.  This Court has jurisdiction under 28 U.S.C. § 1331.

Pending before the Court is SCDC and Individual Defendants' motion for summary judgment. Plaintiffs concede summary judgment as to Lane and Thompson in both their individual and official capacities, as well as Stirling and Riley in their official capacities. Accordingly, the Court will grant summary judgment as to those Defendants, and considers the motion as to Stirling and Riley in their personal capacity and SCDC. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

The facts of this case are straightforward, with little in dispute. On August 10, 2017, Plaintiffs arrived at their work at KCI. At that time, Riley was the Warden of KCI and Stirling was the SCDC director. At the entrance, both went through the regular magnetometer and pat down procedures. That day, the Contraband Team was performing secondary searches, requiring employees, including Plaintiffs, to walk past a detection device called a Magneto Static Detector (MSD). SCDC and Individual Defendants refer to this device as the MSD Pole.

The MSD alerted when both Huger and Gerald walked past the MSD, resulting in a female officer, Corporal Cassandra Kness (Kness) taking each plaintiff into a women's restroom for a strip search. During the search, Plaintiffs removed each article of clothing, handing it to Kness to search. Kness declined to require them to completely remove their panties. Neither search revealed contraband.

Plaintiffs brought this Section 1983 action seeking monetary and injunctive relief. Although they pled this case as a class action, Plaintiffs never moved for class certification. After discovery, Defendants brought the instant motion for summary judgment. Plaintiffs filed their

2

response in opposition to the motion, and then Defendants filed their reply in support. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III. STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *Id.* at 323; *see also* Fed. R. Civ. P. 56.

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Rule 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### IV.     DISCUSSION AND ANALYSIS

#### A.     *Whether SCDC is a "person" amenable to suit under Section 1983*

SCDC argues that is excluded from the definition of "person" under Section 1983, and thus is an improper party to this action. Plaintiffs disagree.

Section 1983 allows suit against "[e]very person who, under color of [law], subjects, or causes, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.

The Supreme Court has excluded states from the definition of "person" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 169 n.14 (1985) ("a State cannot be sued directly in its own name regardless of relief sought."). As a state agency, SCDC is an improper defendant to this suit. The Court will thus grant summary judgment for SCDC.

4

### B. Whether Stirling and Riley can be held liable despite having no personal involvement in the strip searches of Plaintiffs

Stirling and Riley maintain that because they had no personal involvement in the strip search of Plaintiffs, they avoid liability under Section 1983. Plaintiffs counter by asserting that Stirling and Riley are liable under the doctrine of respondeat superior, or, alternatively, under a theory of supervisory liability.

There is no evidence that either Stirling or Riley were present for the strip search or the scans proceeding. In fact, there is no evidence that they were even present at KCI on the day in question. As Stirling and Riley point out, "Rule 56 does not require the moving party to *negate* the elements of the nonmoving party's case[.]" *Lujan v. Nat. Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Instead, the moving party "simply can argue that there is an absence of evidence by which the nonmovant can prove his case." *Cray Comm'ns, Inc. v. Novatel Comput. Sys., Inc.*, 33 F.3d 390, 393 (4th Cir. 1994) (internal citation omitted). Plaintiffs have failed to place this fact in genuine dispute.

#### 1. Whether Stirling and Riley can be held liable under a theory of respondeat superior

Plaintiffs contend, however, that even absent personal involvement in the search, Stirling and Riley should be liable under a theory of respondeat superior. But, Section 1983 claims based on the doctrines of respondeat superior or vicarious liability are precluded. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Doe v. Rosa*, 795 F.3d 429, 439 n.7 (4th Cir. 2015) ("Because principles of respondeat superior do not apply in imposing liability under § 1983, it is not enough that Rosa had general supervisory authority[.]") (internal citations and quotations omitted). Accordingly, Plaintiffs' respondeat superior arguments fail.

### *2.     Whether Stirling and Riley can be held personally liable under a failure-to-train theory*

But, Plaintiffs go beyond merely arguing Stirling and Riley are liable because they supervise and employ the individuals who ordered and performed the strip search.  They also maintain in their response that Stirling and Riley failed to properly train the Contraband Team to conduct minimally intrusive searches.

Supervisory liability, such as due to "inadequate training" may constitute the basis for a Section 1983 claim in "limited circumstances."  *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997).  Supervisors may be held liable in Section 1983 when: (1) the supervisor had "actual or constructive knowledge" that a subordinate was engaged in conduct that "posed a pervasive and unreasonable risk of constitutional injury" to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute "deliberate indifference or tacit authorization" of the subordinate's conduct; and (3) there is an "affirmative causal link between the supervisor's inaction and the plaintiff's constitutional injury."  *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation omitted).

Deliberate indifference can be established by showing that they were "aware of, and acquiesced in, a pattern of constitutional violations."  *Brown*, 520 U.S. at 407 (internal citations and quotations omitted).  A plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected . . . to guard against the deliberate . . . acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Shaw*, 13 F.3d at 799 (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)).

The Supreme Court, however, has also left open the possibility that, "in a narrow range of circumstances," plaintiffs can show deliberate indifference with "evidence of a single violation of

6

federal rights, accompanied by a showing that a [defendant] has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation[.]" *Brown*, 520 U.S. at 409. For a failure-to-train claim to lie, a constitutional violation must actually have occurred. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Plaintiffs have presented no evidence that there has been a pattern of strip searches that, in their view, violate the Constitution. In fact, they point to no other instances of strip searches, improper or otherwise. The Court thus turns to whether there is a genuine issue of material fact as whether Stirling and Riley failed to train the Contraband Team to handle a recurring situation presenting an obvious potential for a constitutional violation.

Plaintiffs insist that Stirling and Riley should have trained the contraband team to bring the MSD into the bathroom during the strip search and use it to attempt to detect contraband once the person being searched had removed all clothes except their bra and underwear. Yet, they also posit that the Contraband Team violated policy by conducting the strip searches in the first place. SCDC policy requires officials to obtain a signed Consent Form from an employee before subjecting them to a strip search. The Contraband Team, however, failed to obtain this form from either plaintiff.

Plaintiffs have presented no assertion that Stirling and Riley's failure to instruct the Contraband Team in the specific way envisioned by Plaintiffs could allow any reasonable trier of fact to find that they acted with deliberate indifference. As the Court noted above, there is no record that any previous constitutional violations had occurred. And, there are existing policies in place to protect employees. There is no evidence—or even allegations—that Stirling and Riley knew those policies were not being followed. In fact, less than a week after the searches occurred, Riley suspended Major Vaughn for a week for his failure to obtain the signed consent forms.

Quite simply, Stirling and Riley did not have notice of any need for better training. *See Estate of Jones by Jones v. City of Martinsburg*, 961 F.3d 661, 672 (4th Cir. 2020) (holding that the city did not show deliberate indifference where there was a use-of-force policy in place and the city did not have notice that different or better training was needed).

Even if the Contraband team violated Plaintiffs' Fourth Amendment rights by failing to obtain a signed consent form or with a search that was overly intrusive, Stirling and Riley would face no liability. As Plaintiffs' have not sued members of the Contraband Team present on that day, the Court need not reach that discussion. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*."). The Court will therefore grant summary judgment as to Stirling and Riley.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court SCDC and Individual Defendants' motion to for summary is **GRANTED**; and this action—including claims against John Does 1–10—is **DISMISSED WITH PREJUDICE**.

 **IT IS SO ORDERED.**

Signed this 23rd day of May 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
